UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADANE P. DEJESUS,

                              Plaintiff,

        against

KILOLO KIJAKAZI, Commissioner of Social Security,[1]

                              Defendant.

CIVIL ACTION NO.: 18 Civ. 3170 (SLC)

**OPINION & ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I.    INTRODUCTION

        Before the Court is the motion of Charles E. Binder, Esq. ("Binder"), of the Law Offices of

Charles E. Binder and Harry J. Binder, LLP (the "Firm"), counsel for Plaintiff Adane P. DeJesus

("Ms. DeJesus"), seeking an award of attorneys' fees in the amount of $23,954.38 (the

"Requested Fees"), pursuant to a contingency fee agreement (the "Agreement") and the Social

Security Act § 206(b)(1), 42 U.S.C. § 406(b)(1) (the "Act").   (ECF No. 39 (the "Motion")).   The

Motion follows a favorable decision awarding benefits to Ms. DeJesus after this Court granted

Ms. DeJesus's motion for judgment on the pleadings and remanded this case to the

Commissioner of Social Security (the "Commissioner") for further proceedings.  (ECF No. 35).

        For the reasons set forth below, the Motion is GRANTED.  The Court awards attorneys'

fees to Binder in the amount of $23,954.38, and orders Binder to refund promptly to Ms. DeJesus

---

[1] Kilolo Kijakazi is the Acting Commissioner of the Social Security Administration.  See Young v. Kijakazi,
No. 20 Civ. 3604 (SDA), 2021 WL 4148733, at *1 n.1 (S.D.N.Y. Sept. 13, 2021). Pursuant to Federal Rule of
Civil Procedure 25(d), the Clerk of the Court is respectfully directed to substitute Kilolo Kijakazi as the
Defendant in the caption.

$7,400, the amount of attorneys' fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (See ECF No. 38 (the "EAJA Fees")).

## II.   BACKGROUND

On December 21, 2012 and February 11, 2013, Ms. DeJesus filed applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"), respectively, alleging disability onset date of September 6, 2011.  (ECF No. 40 ¶ 1).  The Social Security Administration ("SSA") denied Ms. DeJesus's applications, and she requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 30, 2013.  (Id. ¶ 2).  On January 13, 2014, the ALJ found that Ms. DeJesus was not disabled, and the Appeals Council denied the request for review on April 7, 2014.  (Id. (the "2014 Denial")).

On May 19, 2014, Ms. DeJesus signed a retainer agreement authorizing the Firm to appeal the 2014 Denial to this Court.  (Id. ¶ 3; ECF No. 40-1 at 2 (the "2014 Agreement")).  On June 5, 2014, Ms. DeJesus commenced an action in this Court, and the case was subsequently remanded for further administrative proceedings pursuant to the parties' stipulation.  (ECF No. 40 ¶ 4).  After a second hearing, on January 20, 2016, an ALJ found Ms. DeJesus not disabled, and on November 4, 2016, the Appeals Council denied review.  (Id. ¶ 5 (the "2016 Denial")).

On January 4, 2017, DeJesus signed a new retainer agreement authorizing the Firm to appeal the 2016 Denial to this Court.  (Id. ¶ 6 (the "2017 Agreement")).  The 2017 Agreement provided "that if the claimant's case is remanded by the United States District Court to the Social Security Administration, and, upon remand, the claimant is awarded past due benefits by the Appeals Council and/or an Administrative Law Judge, the claimant will pay the undersigned up

to twenty-five percent (25%) of any award of past due benefits, upon approval of a request for fees by the District Court and/or Social Security Administration."  (Id.)

On January 6, 2017, Ms. DeJesus commenced this action by filing the Complaint.  (Id. ¶ 7; ECF No. 1).  The parties each filed motions for judgment on the pleadings, and in an Opinion and Order dated March 9, 2020, the Court granted Ms. DeJesus's motion and remanded for further administrative proceedings.  (ECF No. 40 ¶ 7; ECF No. 35 (the "2020 Decision")).  Pursuant to a stipulation and order dated May 6, 2020, the Court awarded Ms. DeJesus the EAJA Fees.  (ECF Nos. 40 ¶ 8; 38).  Pursuant to the 2020 Decision, on May 18, 2020, the Appeals Council remanded the case to another ALJ.  (ECF No. 40 ¶ 9).  On May 10, 2021, ALJ Alexander G. Levin found that Ms. DeJesus was disabled as of September 6, 2011.  (Id. (the "2021 ALJ Decision")).

In a Notice of Award dated May 19, 2021, the SSA stated that $23,954.38 is being withheld from Ms. DeJesus's award of past due benefits for the payment of attorneys' fees.  (ECF No. 40 ¶ 17; ECF No. 40-1 at 9–14 (the "Notice of Award")).

Three attorneys from the Firm expended 38.2 hours on Ms. DeJesus's federal court proceedings.  (ECF No. 40 ¶¶ 11, 13, 15).  Binder attests that he expended 3.30 hours working on Ms. DeJesus's case during the two District Court appeals.  (Id. ¶ 11).  Binder's background includes "a number of years working almost exclusively" on thousands of SSI/DIB cases in federal court and in administrative proceedings, service as an officer in Social Security bar organizations, lecturing on Social Security benefits issues, and testimony before the House Ways and Means Social Security Subcommittee.  (Id. ¶ 12).

Daniel S. Jones ("Jones") expended 0.8 hours working on Ms. DeJesus's case.  (ECF No. 40 ¶ 13).  Jones is a 2010 graduate of New York Law School, is admitted to the New Jersey, New

York, and Pennsylvania bars, has practiced exclusively for over ten years in federal court appeals in Social Security cases, has authored publications on Social Security matters, and is a member of Social Security bar organizations.  (Id. ¶ 14).  In addition, before becoming an attorney, Jones worked for eight years as a non-attorney representative of claimants appearing before the SSA. (Id.)

Patrick Busse ("Busse") expended 34.10 hours working on Ms. DeJesus's case.  (ECF No. 40 ¶ 15).  He has been licensed in New York for over 20 years, during which he has represented thousands of claimants before the SSA and the federal courts.  (Id. ¶ 16).  In addition to the federal court actions, these attorneys spent a substantial amount of time on Ms. DeJesus's case at the administrative level.  (Id. ¶ 18).

Binder attests that, on receipt of a notice of award for Ms. DeJesus's eligible child, the Firm will seek approval of a fee from the SSA, which has exclusive jurisdiction to approve fees for administrative time for any additional fees that are being withheld from these benefits. (ECF No. 40 ¶ 18).  Binder notes that $23,954.38 represents 25% of the past due benefits awarded to Ms. DeJesus, and on receipt of that amount, the Firm will remit the EAJA Fees to Ms. DeJesus. (Id. ¶ 19).

In response to the Motion, the Commissioner admits that:  (i) the Motion is timely; (ii) the fee request is not greater than 25% of Ms. DeJesus's past due benefits; and (iii) the fees are consistent with the 2014 and 2017 Agreements.  (ECF No. 42 at 2–3).  The Commissioner does not oppose the fee, but notes that the Requested Fees represent a "de facto hourly rate of $627.08 ($23,954.38 divided by 38.2 hours)," and "notes that courts within this District and

within the Second Circuit have approved hourly rates both above and below this rate." (Id. at 3–4).  The Commissioner adds that "there is no evidence of fraud or overreaching here." (Id.).

### III.   DISCUSSION

#### A.   Legal Standard

The Act provides that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).  The Supreme Court has explained that "§ 406(b) does not displace contingent-fee agreements" but rather, "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  Within the 25% statutory limit, an attorney "must show that the fee[s] sought [are] reasonable for the services rendered." Id.

The Court's analysis of reasonableness "must begin with the agreement [between a plaintiff and her counsel], and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990) (internal citation omitted).  When evaluating the reasonableness of a contingency fee agreement, "a court should [] balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately

compensated" so that they continue to represent clients in "disability benefits cases."  Bate v.
Berryhill, No. 18 Civ. 1229 (ER), 2020 WL 728784, at *2 (S.D.N.Y. Feb. 13, 2020) (internal citations
omitted).

In assessing the reasonableness of a request for attorneys' fees, courts in this District
consider:  (1) "whether the contingency fee is within the twenty-five percent limit;" (2) "whether
the retainer was the result of fraud or overreaching by the attorney;" and (3) "whether the
attorney would enjoy a windfall relative to the services provided."  Pelaez v. Berryhill, No. 12
Civ.7796 (WHP) (JLC), 2017 WL 6389162, at *1 (S.D.N.Y. Dec. 14, 2017) (internal citations
omitted), adopted by, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018).  The Court is also mindful of the
Second Circuit's recent guidance to district courts evaluating attorneys' fee requests under the
Act:

> In determining whether there is a windfall that renders a § 406(b) fee in a
> particular case unreasonable, courts must consider more than the de facto hourly
> rate. Accord Jeter v. Astrue, 622 F.3d 371, 381 (5th Cir. 2010) ("[T]he lodestar
> calculation alone cannot constitute the basis for an 'unreasonable' finding. ...
> [T]he district court must also articulate the factors that demonstrate to the court
> that the fee is unearned."). In other words, even a relatively high hourly rate may
> be perfectly reasonable, and not a windfall, in the context of any given case.
> Among the factors to be considered are the ability and expertise of the lawyers
> and whether they were particularly efficient, accomplishing in a relatively short
> amount of time what less specialized or less well-trained lawyers might take far
> longer to do. . . .  Secondly, courts should consider the nature and length of the
> professional relationship with the claimant—including any representation at the
> agency level—when determining whether a requested fee can truly be deemed a
> windfall. While § 406(b) fees compensate counsel for court-related work,
> consideration of "the time spent and work performed by counsel on the case
> when it was pending at the agency level" can inform a district court's
> understanding of "the overall complexity of the case, the lawyering skills
> necessary to handle it effectively, the risks involved, and the significance of the
> result achieved in district court."  Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir.
> 2005).  . . . .  A third factor to consider is the satisfaction of the disabled
> claimant . . . .  Finally, a fourth important factor to consider is how uncertain it was
> that the case would result in an award of benefits and the effort it took to achieve

> that result. Lawyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do. "In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells II, 907 F.2d at 371.

Fields v. Kijakazi, 24 F.4th 845, 854–56 (2d Cir. 2022).

Finally, the Court may award fees under the EAJA or Section 406(b), but a "claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" Rodriguez v. Colvin, 318 F. Supp. 3d 653, 658 (S.D.N.Y. 2018) (quoting Gisbrecht, 535 U.S. at 796); see Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988) (explaining that "dual fee applications are not improper as long as the lesser of any two amounts awarded goes to the attorney's client").

### B. Application

The parties agree that the Motion is timely because it was filed on May 28, 2021, nine days after the Notice of Award, (ECF Nos. 40-1 at 9–14; 40; 42 at 2), and that the Requested Fees correspond to 25% of past due benefits and was withheld by the SSA in case the SSA needs to pay DeJesus's counsel. (ECF Nos. 40-1 at 3; 42 at 2). The Court is satisfied, and the Commissioner acknowledges (ECF No. 42 at 4), that the 2014 and 2017 Agreements were not the product of fraud or overreaching.

Turning to the reasonableness of the Requested Fees, the Court first finds that Binder, Jones, and Busse possessed the requisite experience and expertise in handling Social Security proceedings. (ECF No. 40 ¶¶ 12, 14, 16). The attorneys deployed this expertise to achieve a successful result with efficiency, expending 38.2 hours (ECF No. 40-1 at 7), when less experienced attorneys might have taken longer. Second, the de facto hourly rate of $627.08 is within the range of reasonable rates in disability cases in this Circuit. See Fields, 24 F.4th at 854 (holding

that "the relatively high de facto rate of $1,556.98" was not a windfall when viewed in the context of counsel's ability, expertise, and efficiency).  Third, the Firm represented Ms. DeJesus at both the administrative and federal court levels over nearly years.  (ECF No. 40 ¶¶ 3, 6, 18).  Fourth, in the absence of any evidence to the contrary, the Court infers from the Firm's success in obtaining two remands from this Court to the Commissioner, ultimately resulting in a significant award of past-due and ongoing monthly benefits (ECF No. 40-1 at 9–14), that Ms. DeJesus is satisfied with the Firm's representation.  Finally, this is not a case "where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery.  That kind of unearned advantage is what the windfall concern really is about."  Fields, 24 F.4th at 856.  Having considered all relevant factors, the Court finds that the Requested Fees do not constitute a windfall.

Accordingly, the Court awards attorneys' fees in the amount of $23,954.38, and directs the Firm to refund to Ms. DeJesus the EAJA Fees.

### IV.   CONCLUSION

For the foregoing reasons, the Motion is GRANTED as follows:

(1)  The Firm is awarded fees under Section 406(b) in the amount of $23,954.38; and

(2)  The Firm shall promptly refund to Ms. DeJesus the sum of $7,400.

The Clerk of Court is respectfully directed to close ECF No. 39.

Dated: New York, New York
    March 30, 2022                          SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**